Wood, C. J.
On inspecting the record, we find that the plaintiff was tried and convicted, at the July term of the court of common picas, 1845, on an indictment for unlawfully selling, bartering, and disposing of certain false and forged bank notes, knowing them to be such, to one William Harris, and sentenced to be imprisoned at hard labor in the penitentiary. The indictment contains three counts. On the two first, the plaintiff was acquitted; on the last, found guilty. In this count it is, among other things, averred that the bank notes were in the likeness and similitude of true and genuine bank notes, on the State Bank of Indiana— the one of the denomination of five, and the Other of twenty dollars.
The record shows a motion was made by the plaintiff’s counsel for a new trial, which was overruled, and a bill of exceptions taken.
Counsel suppose the court of common pleas to have erred in the admission of certain testimony, which was permitted to go to the jury, and in overruling the motion, as it is insisted the verdict was contrary to the evidence given on the trial.
*No argument has been submitted, but instead thereof, an agreement that the case shall be brought before the court, on the assignment of errors only, and which is, therefore, supposed to put us in possession of all the points material to be considered, in disposing of the case.
It appears from the bill of exceptions, that one Elizabeth Gra *284 ham alias Elizabeth Harris, a very base woman, was the important witness for the prosecution. She levied with Harris, the person to whom the bank notes were bartered, and claimed him as her husband, though not married. She had been an inmate of the penitentiary of Kentucky, and her term of confinement not having expired, she was nevertheless residing in Cincinnati, and engaged with Harris in buying, or rather in secreting and keeping for him the counterfeit paper in which he dealt. While thus living at Cincinnati, the governor of Kentucky issued his pardon to Mrs. Harris. On her introduction as a witness, she was objected to on the ground of her conviction of an infamous crime in Kentucky, and the objection sustained by the record of conviction. This was met b j profert of the pardon by the prosecution, and the witness admitted by the court to testify.
The first assignment for error is, that the court erred in the admission of this pardon to restore the competency of this witness, on the ground that the same was procured by fraud.
There does not appear to have been any evidence before the court to justify any such inference, but it is probable the pardon was procured with a view to this very trial, and to enable Mrs. Harris to testify.
If the governor was imposed upon by artful and fraudulent representations, it is a question between him and his constituents; but with which the plaintiff had no concern, and to which no objection from him could lie.
The second assignment is, that this Elizabeth Harris was admitted to testify, being incapacitated by reason of infamy; but it is a very general rule of the common law, that the pardon restores the competency; that it operates as a remission of all *prior offenses, and the convict is sent, a new man, into the world, and unaffected by any former attaint.
If there is anything in the constitution or laws of Kentucky that limits the pardoning power, or makes the conviction a disqualification to testify, it is not shown upon this record. The presumption is the other way, and we can not, ex officio, take notice of the constitutions or laws of other states, but they must be specially brought to our notice.
The third assignment is, that the common pleas erred in overruling the motion for a new trial, because the verdict was not sus *285 tained by the evidence ; the bills set forth in the indictment are not identified, and the scienter is not proved.
The bill of exceptions sets forth the most of the testimony given ; and the court of common pleas considered it sufficient to sustain the verdict, or they would have granted the motion. Gan we say it was not? That the bill of exceptions shows testimony was given on the trial, sufficient to warrant the conviction, can not be denied, if it could be believed; but it is insisted the evidence of Mrs. Harris should have been corroborated. This was a question ior the jury, to say whether she was to be believed. They saw her manner of giving testimony, which is sometimes of great importance in determining the credibility of a witness. The common pleas have been of the same opinion, and there is nothing on the record to show that such opinion is wrong.
A case might possibly arise, when this court would reverse the judgment of the common pleas in overruling a motion for a new trial, because the verdict was not sustained by the proof; but it must be a case where there has been no evidence given, on some one point, not where the proof is full, and so, much depends on the exercise of a sound discretion in the common pleas, as to whether it should be bejieved or not. All familiar with courts of justice have often witnessed the difference in the effect of testimony given on the stand, and transferred to paper. A woman is living in a state of adultery, engaged in crime, and has been an inmate of the penitentiary. *A11 would look upon any statement made by her, on oath, if only seen on paper, as unworthy of any reliance. If it implicated a person of good character, no man should form his opinion from evidence originating from so polluted a fountain.
Yet, on a personal examination in court, herself, standing unimpeached by any direct testimony, and implicating one long engaged in crime, a court and jury might reasonably come to the opinion she was entitled to full credit. What we mean to say is, those who tried the case are more competent than we to form a correct opinion of the credit of this witness, and we ought not to upset their conclusions.
If her testimony, then, was worthy of credit, it satisfactorily identifies the two notes, proves the sale of them by Whitcomb to her adulterer, at one dollar for five, and which, of itself, is evidence of the scienter, though there is, in this case, other testimony full • and satisfactory on that point. Judgment affirmed.