White, J.
On these applications, there-are only three questions we deem it necessary to notice.
1. It is contended that the act to revise and consolidate the general statutes of the state, embodied in the Revised Statutes, is void, as being in conflict with section 16 of article 2 of the constitution. The provision of the section with which the act is claimed to conflict, is as follows: “No bill shall contain more than one subject, which shall be clearly expressed in its title.” .The view taken of this question by the commissioners for the revision is found on page 7 of the preface to the Revised Statutes; and this view is sustained hy several decisions of this court.
In Pim v. Nicholson, 6 Ohio St. 176, it is declared that this provision Avas incorporated into the constitution, for the purpose of making it a permanent rule of the two houses, and to operate only upon bills in their progress through the general assembly. That it is directory only, and the supervision of its. observance must be left to that body. This doctrine was subsequently affirmed in State ex rel. v. Covington, 29 Ohio St. 102. The first ground of error relied on is, therefore, without foundation.
2. Section 6942 of the Revised Statutes, on which the indictments are founded, is as follows: “A keeper of a place where intoxicating liquors are sold, "in violation of laiv, shall be fined not more than one hundred nor less than fifty dollars, or imprisoned not more than thirty nor less than ten days, or both; and, upon conviction of such keeper, the place where such liquor is sold shall be deemed to be a common nuisance, and the court shall order him to shut up and abate the same, unless he make it appear to the court that he does not then soli liquor therein in violation of law.” * * *
It is claimed that this section is unconstitutional, inasmuch as it does not require, as did the act of May 1, 1854 (S. & C. 1431), the place where the liquor is sold to be a place of “ public resort.” It is also claimed that without this qualification, in defining the offense, the section is no more, in effect, than adding a double punishment to the offense defined in section *501 6911. Neither of these positions is tenable. Section 6911 operates only on the individual sales therein described, and makes such sales unlawful, by whomsoever made. The offense defined, in section 6912, above quoted, consists in the keeping of a place where the unlawful sale of liquor is carried on as a business.
The section operates in the first place to punish the keeper; and after his conviction to require, in the mode prescribed, the unlawful business to be abated as a common nuisance.
In the argument for the plaintiffs in error, the power of the legislature to prohibit the making of individual sales as described ~.n section 6911 is admitted. Upon the same principle, it is equally competent to prohibit the keeping of a place where such sales are habitually made as a business.
3. The indictment in the case of Cain is in the form approved in Miller v. State, 3 Ohio St. 175, and in Kern v. State, 7 Ohio St. 411, except that instead of averring that the sales were made in violation of the act named in those cases, it is averred that they were made “in violation of section 6911 of the Revised Statutes of Ohio, as amended March 9th, 1880 ” Under the rule of the eas\)s last cited the averment is sufficient; but under it no sales can be proved that are not within the inhibition of the section.
In Oshe’s case the averment that the place where the liquors were sold was a place of “ public resort,” is omitted, nor is section 6911 referred to as being amended March 9,1880. The averment is that the sales were made “ in violation of law, to wit, in violation of section sixty-nine hundred and forty-one (6911) of the Revised Statutes of Ohio.” The time laid for the commission of the offense is subsequent to the passage of the section as amended. In other respects the indictments are alike.
At the time of the passage of the amended section, it took the place of the original section in the revision, and was thereafter the only section 6911 of the Revised Statutes in force. The reference in the indictment, therefore, to that section of *502 the Revised Statutes must be understood as referring to the section then in force. Brigel v. Starbuck, 14 Ohio St. 285.
For these reason, we think the indictments are sufficient, and the motions must be overruled.